|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| JEFFREY BRAY,<br><br>                Plaintiff,<br><br>    v.<br><br>ALASKA USA FEDERAL CREDIT UNION,<br>*et al.*,<br><br>                Defendants. | | Case No. C17-1939RSL<br><br>ORDER REQUIRING MORE<br>DEFINITE STATEMENT |

On January 9, 2018, plaintiff's application to proceed *in forma pauperis* was granted and his complaint was accepted for filing. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss an *in forma pauperis* action if the complaint is frivolous or fails to state a claim upon which relief may be granted.[1] Frivolous claims include those that "lack[] an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The nature of plaintiff's claim or claims is difficult to discern, in part because his handwritten allegations are only intermittently legible and consistently difficult to decipher. It appears his suit in some way concerns a Dodge truck, home and auto insurance policies, and housing privileges—including the allegation that "they stole my Native Alaskan Housing privileges and gave the Homosexual my Housing." Dkt. # 1-1 at 5.

---

[1] Section 1915(e) applies to all *in forma pauperis* complaints, whether filed by prisoners or non-prisoners. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

ORDER REQUIRING MORE DEFINITE STATEMENT - 1

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint need not provide detailed factual allegations, it must give rise to something more than mere speculation that plaintiff has a right to relief. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). The Court has reviewed the pleading under the standards in 28 U.S.C. § 1915(e)(2) and finds that plaintiff has not met his burden. Plaintiff brings his suit under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, which authorize civil rights complaints against federal and state officials, respectively. Plaintiff does not, however, appear to identify any officials, state or federal, in any way involved in the facts surrounding his claim.

For that reason, the Court declines to issue summons in this matter. Plaintiff is hereby ORDERED to file on or before **February 23, 2018**, an amended complaint which clearly and concisely identifies the defendants alleged to have violated his civil rights, the acts of which each defendant is accused, how those acts violated his legal rights, and the relief requested. The key to filing an acceptable amended complaint will be providing enough facts that one could conclude that plaintiff has a right to relief that is at least plausible. It would also benefit plaintiff to record those facts in a manner that the Court can clearly read and understand. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief will result in dismissal of this action.

The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, February 23, 2018.

DATED this 25th day of January, 2018.

Robert S. Lasnik
United States District Judge